KYH
LDK/2024R00503

SEALED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. MJM-26-0194 |
| | * | |
| MARK WOODY, | * | (Possession of a Firearm and Ammunition by a Prohibited Person, 18 U.S.C. § 922(g)(1); Conspiracy to Traffic Firearms, 18 U.S.C. § 933(a)(3); Forfeiture, 18 U.S.C. § 924(d), 18 U.S.C. § 934(a)(1), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c)) |
| ANGEL PEREZ, | * | |
| ESEAN DAVIS, | * | |
| [redacted] and | * | |
| | * | |
| Defendants. | ******* | |

USDC- BALTIMORE
'26 AUG 19 PM4:03

## SUPERSEDING INDICTMENT

### COUNT ONE
### (Possession of a Firearm and Ammunition by a Prohibited Person)

The Grand Jury for the District of Maryland charges that:

On or about March 4, 2026, in the District of Maryland, the Defendant,

**MARK WOODY,**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm and ammunition, to wit, an American Tactical Omni Hybrid 5.56 Caliber pistol, bearing serial number NS427946, and approximately 357 rounds of bulk ammunition of assorted calibers, and the firearm and ammunition were in and affecting commerce.

18 U.S.C. § 922(g)(1)



HD

Rcv'd by: AR

KYH
LDK/2024R00503

**COUNT TWO**
**(Conspiracy to Traffic Firearms)**

The Grand Jury for the District of Maryland further charges that:

In or about and between May 2024 and March 2026, the exact dates being unknown to the Grand Jury, in the District of Maryland and elsewhere, the Defendants,

**MARK WOODY,**
**ANGEL PEREZ,**
**ESEAN DAVIS,**
**[redacted], and**
**[redacted],**

did willfully and knowingly combine, conspire, and agree together and with each other and others known and unknown to the Grand Jury to:

a) Ship, transport, transfer, cause to be transported, and otherwise dispose of one or more firearms to another person, in and affecting interstate and foreign commerce, knowing and having reason to know that the use, carrying, and possession of a firearm by the recipient would constitute a felony, in violation of 18 U.S.C. §933(a)(1); and

b) Receive from another person one or more firearms, in and affecting interstate or foreign commerce, knowing or having reasonable cause to believe that such receipt would constitute a felony, in violation of 18 U.S.C. §933(a)(2).

18 U.S.C. §933(a)(3)
18 U.S.C. §933(b)

KYH
LDK/2024R00503

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the Defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 924(d), 18 U.S.C. § 934(a)(1), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the Defendants' convictions under Counts One through Two of this Indictment.

### Firearms and Ammunition Forfeiture

2. Upon conviction of the offenses alleged in Counts One of this Indictment, the Defendant,

**MARK WOODY,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in the offenses.

### Firearms Trafficking Forfeiture

3. Upon conviction of the offense alleged in Count Two of this Indictment, the Defendants,

**MARK WOODY,**
**ANGEL PEREZ,**
**ESEAN DAVIS,**
[redacted] **and** [redacted]

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d), 18 U.S.C. § 934(a)(1), and 18 U.S.C. § 2461(c):

a. any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses; and

KYH
LDK/2024R00503

b. any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses.

**Property Subject to Forfeiture**

5. The property to be forfeited includes, but is not limited to:

a. a forfeiture money judgment in the amount each Defendant obtained as a result of the offenses alleged in Counts One through Two of this Indictment;

b. an American Tactical Omni Hybrid 5.56 Caliber pistol, bearing serial number NS427946; and

c. approximately 357 rounds of bulk ammunition of assorted calibers.

**Substitute Assets**

6. If, as a result of any act or omission of any of the Defendants, any of the property described above as being subject to forfeiture:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. § 924(d)
18 U.S.C. § 934(a)(1)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

KYH
LDK/2024R00503

Kelly Hayes / LDK
Kelly O. Hayes
United States Attorney

A TRUE BILL:

[redacted]

Foreperson

08/13/2026

Date